UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| IN RE: DICAMBA HERBICIDES LITIGATION | ) ) | MDL No. 2820 SNLJ ALL CASES |

## PLAINTIFFS' BRIEF REGARDING CROP DAMAGE PLAINTIFF FACT SHEET

### INTRODUCTION

After much negotiation, the parties agree on the content of a long-form Plaintiff Fact Sheet ("PFS") to replace formal written discovery (including Interrogatories, Requests for Production, and Requests for Admission) for the crop damage claims. The parties disagree, however, on the scope of this discovery, *i.e.*, whether Plaintiffs whose claims are effectively stayed (those who are not class representatives and are not included in a complaint selected for initial litigation) should be required to engage in full discovery.

Whether by master complaint, a designated lead case, or otherwise, Plaintiffs intend to pursue class certification for the crop damage claims through one or more complaints designating more than a dozen putative class representatives. Unless and until a bellwether process is established to move the remaining claims forward, it would be atypical to subject claims that are effectively stayed to discovery. Nevertheless, Defendants want all Plaintiffs with a complaint on file, both currently and in the future, to complete extensive, full-blown discovery. Given the broad scope of both the long-form and short form PFS, Plaintiffs submit that it would be unnecessarily burdensome and premature to subject what is likely to be hundreds of plaintiffs to this level of discovery. But if any discovery should be required at this time, the short-form PFS is more appropriate for Plaintiffs whose claims are not included in the initial litigation group.

## ARGUMENT

**I.  THE PFS SHOULD BE REQUIRED ONLY FROM CLASS REPRESENTATIVES**

In an MDL, the Court is tasked with developing an effective plan for the orderly conduct of pretrial and trial proceedings. Manual for Complex Litigation, Fourth, Federal Judicial Center §10.13 (2004) ("MCL"). "In determining the scope of discovery, the Court should balance efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial." *Id.* at §11.422. "For effective discovery control, initial discovery should focus on matters – witnesses, documents, information – that appear pivotal." *Id.* At this stage, it is not necessary, economical, or efficient to subject potentially hundreds of plaintiffs to full written discovery. Instead, the Court should limit the discovery to the plaintiffs whose claims will be litigated first. *See In re Nat'l Hockey League Players' Concussion Injury Litig.*, MDL No. 14–2551 (SRN/JSM), 2015 WL 1191272, at *4 (D. Minn. Mar. 16, 2015) ("consistent with other [MDL] cases involving putative class actions, the Court limits initial discovery to the six Named Plaintiffs"); *In re Aredia and Zometa Prods. Liab. Litig.,* No. 3-06-1760, 2011 WL 2182824, at *3 (M.D. Tenn. June 3, 2011) (beginning discovery with PFS required only from putative class plaintiffs); *In re Lucent Tech. Inc. Secs. Litig.,* No. 2:00–CV–621, 2002 WL 32815233, *1 (D.N.J. July 16, 2002) (in MDL class action, non-lead plaintiffs treated as passive class members and not subject to discovery); *In re Qwest Commc'ns Int'l, Inc. Secs. Litig.*, 283 F.R.D. 623, 625 (D. Colo. 2005) (noting, in putative class action, that non-lead plaintiffs are not generally subject to discovery); *Adkins v. Mid-America Growers, Inc.*, 141 F.R.D. 466, 468 (N.D. Ill. 1992) ("The ideas of a class action and individualized discovery do not fit together well . . . If joinder of all parties is impracticable, propounding discovery like interrogatories, depositions, and requests to produce on an individual basis is even more impracticable.").

To require all plaintiffs to complete the long-form PFS would be extremely burdensome and time-consuming – the opposite of the purpose of a plaintiff fact sheet, which is to "spare defendants the expense of tailoring countless interrogatories to individual claimants, while allowing plaintiffs' attorneys to fulfill early discovery obligations *with relative ease*." Duke Law School Center for Judicial Studies, *MDL Standards and Best Practices* (Sept. 11, 2014) ("Duke Manual") Best Practice 1c(iv) (emphasis added).

Here, the long-form PFS is not a typical plaintiff fact sheet, but a replacement for full written discovery.  Plaintiffs are unaware of any MDL that required full written discovery from every claimant right out of the gate.  To do so would be counter to one of the main goals of an MDL – to streamline discovery and effectively manage pretrial proceedings.  The long-form PFS is over 15 pages and includes 24 document requests.  *See* Ex. A attached hereto.  A plaintiff will not be able to complete it without the assistance of counsel.  Gathering the information to answer the questions and responsive documents will be time-consuming, resulting in an unnecessary diversion of resources while providing limited to no utility at this stage of the litigation.  It also would require a significant push-back in the PFS submission deadline the parties have discussed, which would result in a delay of plaintiff depositions and class certification proceedings.

II. **IF DISCOVERY OF NON-CLASS REPRESENTATIVES IS ORDERED, THE SHORT FORM PFS PROVIDES MORE THAN SUFFICIENT INFORMATION**

To be clear, Plaintiffs believe that requiring each of the putative class representatives to complete the long-form PFA will provide the same level of discovery as in any other class action. But should the Court require every single plaintiff who files a crop damage claim to participate in discovery even if that plaintiff's case is effectively stayed, Plaintiffs' proposed short-form PFS should be used.

3

The typical purpose of a plaintiff fact sheet is to verify "basic factual allegations" to ensure only legitimate, vetted claims are filed in the MDL. *See* Duke Manual, Best Practice 1c(iv). "Fact sheets are court-approved, standardized forms that seek basic information about plaintiffs' claims – for example, *when* and *why* the plaintiff used the product at issue and *what* injury did the plaintiff sustain as a result of using the product." *Id.* (emphasis in original); *see also* MCL §22.83. Plaintiffs' short-form PFS provides the when, why, and what of plaintiffs' injuries and substantially more. This short-form PFS is still 10 pages long and many of the questions will have to be answered multiple times, on multiple additional pages, for each field where Plaintiffs allege damage. *See* Ex. B attached hereto. The short-form PFS provides Defendants more than sufficient information to: (1) confirm the claims filed have been appropriately vetted by counsel; (2) establish the basic underlying facts supporting plaintiffs' claims for damages; and (3) evaluate the strengths and weaknesses of the cases in the MDL. For example, the short-form PFS provides:

- For each Plaintiff:

    o Personal information;
    o Practices related to storing and using farming records;
    o Prior relationships/employment with defendants;
    o Prior litigation history;
    o Use of dicamba products;
    o Dicamba-related complaints/demands lodged formally or informally;
    o Communications with Defendants; and
    o Identification of potential fact witnesses.

- For each field allegedly damaged:

    o **Damage Alleged:** type of crop damaged; date planted; date damage was observed; person observing damage; description of the damage; itemization of damage if other than yield loss;
    o **Dicamba-specific Information:** owner/sprayer of dicamba that harmed Plaintiff's field; type/application/dates of dicamba spray used;
    o **Field-Specific Farming Practices:** planting and cultivation methods; seed brand/variety planted; seed treatment; irrigation practices; insecticide, fungicide, and herbicide treats;

4

- **Farmer Due Diligence:** whether each field was inspected for dicamba-related damage; and
- **Prior Field-Specific Results**: what crops previously planted; per-acre yields; previous yield losses.

Additionally, the short-form PFS requires the production of 8 categories of documents, including multiple years of substantial Farm Service Agency records (whether or not damage is alleged); seed purchase records; and yield/yield loss information (whether or not field was allegedly damaged).

## CONCLUSION

Plaintiffs made significant concessions in agreeing to a long-form PFS, but the scope is a significant issue. It is simply not appropriate, efficient, cost-conscious, or necessary for plaintiffs whose claims are not included in the initial litigation group to be subjected to written discovery. Plaintiffs' approach provides Defendants with sufficient information to prepare for individualized discovery (i.e., depositions) of the claims that will proceed first and brief pertinent issues such as class certification and summary judgment. To the extent the Court does believe that discovery is needed at the outset for every single plaintiff, the short form is more than sufficient for plaintiffs who are not in the initial litigation group.

Date: May 7, 2018

        Respectfully submitted,

        By: /s/ Don M. Downing
        Gray, Ritter & Graham, P.C.
        Don M. Downing, #30405MO
        701 Market Street, Suite 800
        St. Louis, MO 63101
        Tel: 314-241-5620
        Fax: 314-241-4140
        ddowning@grgpc.com

        *Chair of the Plaintiffs' Executive Committee and Interim Class Counsel*

        James Bilsborrow (*pro hac vice* forthcoming)

Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003
Tel:  212-558-5500
Fax:  212-344-5461
jbilsborrow@weitzlux.com

Paul Byrd, ABN #85020 (*Admitted pro hac vice*)
Paul Byrd Law Firm, PLLC
415 N. McKinley St., Ste. 210
Little Rock, AR 72205
Tel:  501-420-3050
Fax: 501-420-3128
paul@paulbyrdlawfirm.com

Paul A. Lesko, #51914MO
Peiffer Rosca Wolf Abdullah
  Carr & Kane APLC
818 Lafayette Avenue, Second Floor
St. Louis, MO 63010
Tel:  314-833-4826
Tel:  314-833-4825
plesko@prwlegal.com

Richard M. Paul, III, #44233MO
Paul LLP
601 Walnut Street, Suite 300
Kansas City, MO 64106
Tel:  816-984-8103
Fax:  816-984-8101
Rick@PaulLLP.com
Scott E. Poynter
Poynter Law Group
400 West Capitol Avenue, Suite 2910
Little Rock, AR 72201
Tel:  501-960-7245
scott@poynterlawgroup.com

Beverly T. Randles, #48671MO
Randles & Splittgerber, LLP
5823 N. Cypress Ave.
Kansas City, MO 64119
Tel:  816-744-4779
bev@randleslaw.com

René F. Rocha III (*Admitted pro hac vice*)
Morgan & Morgan
909 Poydras Street, Ste. 1625
New Orleans, LA 70112
Tel:  305-989-8688
Fax:  954-327-3018

6

rrocha@forthepeople.com

Charles S. Zimmerman (*Admitted pro hac vice*)
Zimmerman Reed LLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel:  612-341-0400
Fax: 612-341-0844
charles.zimmerman@zimmreed.com

*Plaintiff's Executive Committee*

# CERTIFICATE OF SERVICE

The foregoing was served on May 7, 2018, via the Court's CM/ECF electronic filing system on all counsel of record.

/s/  Don M. Downing