UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| IN RE: DICAMBA HERBICIDES | ) | Main Case 1:18-md-2820-SNLJ |
|---|---|---|
| LITIGATION | ) | Indiv. Case 1:16-cv-299-SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Monsanto's motion for partial summary judgment (#105) in *Bader Farms, Inc. v. Monsanto Co.*, 1:16-CV-299-SNLJ (E.D. Mo.). In response, plaintiffs filed a "Motion to Deny Monsanto's Motion for Partial Summary Judgment as Premature or, in the Alternative, for an Extension of Time to Respond" (#113), which Monsanto claims should be treated as a response in opposition, rather than a separate motion (#114 at 2 n.1.). Monsanto filed a reply memorandum in support of its motion (#114), and plaintiffs also filed a reply memorandum in support of their motion (#116). Finally, Monsanto filed a "Sur-Rebuttal to Plaintiffs' Reply in Support of Their Motion to Deny Monsanto's Motion for Summary Judgment." (#122.) Monsanto's motion for partial summary judgment will be denied.

I.  **Factual and Procedural Background**

Because the facts and procedural background are fully explained in this Court's previous memorandum and order, *Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299-SNLJ, 2018 WL 1784394, at *1–3 (E.D. Mo. Apr. 13, 2018), only a short summary is necessary here.

Plaintiffs claim defendants Monsanto and BASF conspired to create an "ecological disaster," where Monsanto released its dicamba-tolerant seed in 2015 and 2016 with no

1

corresponding dicamba herbicide.  As a result, farmers illegally sprayed an old formulation of dicamba herbicide (that BASF sold) that was unapproved for in-crop, over-the-top, use and was "volatile," or prone to drift.  This damaged neighboring crops, which supposedly forced neighboring farmers to plant Monsanto's dicamba-tolerant seed defensively, and that increased demand for both defendants' new dicamba herbicide during the 2017 growing season.

Two of the Court's previous memoranda and orders are especially relevant to this motion.  Back in December 2016, Monsanto moved to dismiss (#6) a previous version of the complaint, arguing it could not be held responsible for the 2015 and 2016 damage because it did not manufacture, distribute, sell, or apply the old dicamba that allegedly damaged plaintiffs' peach trees.  Monsanto also argued that any illegal application of old dicamba was an intervening and superseding cause that broke the chain of causation.  In ruling on Monsanto's motion to dismiss, this Court noted

> even if Monsanto was negligent in its release of the [genetically engineered] seeds without a corresponding herbicide, it appears that its conduct was simply too attenuated to establish proximate cause.  Instead, plaintiffs' injuries stem directly from an intervening and superseding cause—the unforeseeable independent acts by the third-party farmers who unlawfully sprayed dicamba on their crops.

*Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299-SNLJ, 2017 WL 1315792, at *3 (E.D. Mo. Apr. 10, 2017), *vacated*, No. 1:16-CV-299-SNLJ, 2017 WL 2813393 (E.D. Mo. June 29, 2017).  This Court also observed that even if "the third-party farmers' unlawful conduct was at all foreseeable because [old] dicamba was an available herbicide and the new [genetically engineered] seeds were dicamba-resistant, that foreseeability

was wholly negated by the [genetically engineered] seeds' product warning labels[, which explicitly told farmers not to apply dicamba herbicide in-crop], prominently highlighted on all bags of cotton and soybeans sold." *Id.*  With that all in mind, this Court deferred a ruling on the motion, gave plaintiffs more time to respond to defenses based on the bag warnings, and treated the motion to dismiss as a motion for summary judgment.  *Id.*

Next, plaintiffs moved to amend their complaint and asked the Court to vacate its order treating Monsanto's motion to dismiss as a motion for summary judgment.  This Court granted both requests.  *Bader Farms, Inc. v. Monsanto Co.*, No. 1:16-CV-299-SNLJ, 2017 WL 2813393, at *1 (E.D. Mo. June 29, 2017).  Explaining why it granted the requests, this Court noted

> [a]lthough the Court maintains reservation about whether defendant's action or inaction proximately caused plaintiffs' injuries, the allegation that defendant's representatives instructed seed-purchasing farmers to illegally spray [old] dicamba on the defendant's seeds, if true, would seemingly negate the effectiveness of the product use labels attached to defendant's seeds in addition to altering the proximate causation analysis of this case.

*Id.* at *3.

Relying on these two memoranda and orders—even though one was vacated and both analyze old versions of the complaint—Monsanto moved for partial summary judgment on the claims that allege damage in 2015 and 2016.  Monsanto argues that "[u]nder the Court's prior rulings, the viability of [p]laintiffs' claims against Monsanto for their alleged crop damage in 2015 and 2016 depends on [p]laintiffs' ability to prove

3

that a Monsanto representative directed farmers to make illegal applications of dicamba herbicides that caused damage to [p]laintiffs' crops in 2015 and 2016." (#106 at 6.)

## II. Discussion

With the benefit of a third round of briefing on the viability of plaintiffs' causes of action, this Court has reassessed its position. As it relates to claims for 2015 and 2016 damage, this is indeed a unique case, significantly different than conventional negligence and products liability cases. It is not a case in which plaintiffs were damaged by a product plaintiffs purchased from Monsanto. Instead, the damage was allegedly the foreseeable result of third parties' misuse of Monsanto's product—the dicamba-tolerant seed. As such, and unlike the conventional cases, the fact that Monsanto did not manufacture, distribute, or sell the old dicamba herbicide that actually caused the damage is irrelevant—it is not part of the causal link under plaintiffs' theory of the claim. In addition, Monsanto has briefed the case as if the third parties' unlawful spraying of old dicamba was an intervening and superseding cause of plaintiffs' damage that broke the chain of proximate cause. But plaintiffs' claim is that the third parties' foreseeable misconduct was itself part of the chain of proximate cause and that there was nothing "intervening" about it. That is why the cases uniformly hold that a third parties' misconduct cannot be deemed an intervening and superseding cause if it was foreseeable. *See e.g.*, *Scheibel v. Hillis*, 531 S.W.2d 285, 288 (Mo. banc 1976) ("[I]f the foreseeable likelihood that a third person may act in a particular manner is one of the hazards which makes a [defendant] negligent, such an act of a third party, whether innocent, negligent,

4

intentionally tortious or criminal, does not prevent [the defendant] from being liable for the harm caused thereby.").

This Court's initial hesitancy to acknowledge a sufficiently pled case for foreseeability is due in part to the absence of any case found that has featured not only illegal conduct by third-party actors but also express warnings to those third-party actors to refrain from that illegal conduct.  Surely, one or the other factors, or both, would cut the chain of proximate cause going back to Monsanto.  Plaintiffs' reliance on cases holding that even illegal conduct by third parties can be foreseeable are distinguishable because most are premises liability cases involving a recent history of third-party actors engaging in illegal activity that put defendants on notice—a factor not present here.  *See e.g.*, *Harris v. Hillvale Holdings LLC*, No. 4:15-CV-1854-RLW, 2016 WL 3194364, at *2 (E.D. Mo. June 6, 2016) (finding plaintiff stated a claim based on allegations that defendant landowner was on notice that violent crimes might occur on its premises because previous violent crimes were committed on its property).  Likewise, plaintiffs' allegation that the product warning labels here were inadequate to deter third-party actions is suspect because, at first glance, the warnings appear to clearly explain that spraying old dicamba was illegal.

But again, this is a unique case.  In all proximate cause analyses, foreseeability is a critical element.  *See Alcorn v. Union Pac. R.R. Co.*, 50 S.W.3d 226, 239 (Mo. banc 2001), *overruled on other grounds by Badahman v. Catering St. Louis*, 395 S.W.3d 29 (Mo. banc 2013).  In that regard, and as this Court understands plaintiffs' argument, why else would Monsanto market and sell dicamba-tolerant seed if not to encourage farmers

5

to use dicamba on their crops? And in the (temporary) absence of Monsanto's corresponding "safe" dicamba, would not the temptation to at least some unscrupulous pigweed-plagued farmers be too great for them to resist? All in all, it seems plausible that some of those farmers would be willing to gamble on the use of an unlawful product in return for a bumper crop. Accordingly, this question of foreseeability, on reconsideration, should be a question left to a jury. *See, e.g.*, *Davidson v. Besser Co.*, 70 F. Supp. 2d 1020, 1027 (E.D. Mo. 1999) (*citing Metzger v. Schermesser*, 687 S.W.2d 671, 674 (Mo. Ct. App. 1985)) (denying summary judgment because there were "fact issues of whether [a third party]'s actions were or were not foreseeable and were a superseding cause of the injury").

In view of this determination, the parties' focus on whether Monsanto representatives told farmers that they could spray old dicamba is not dispositive. That evidence is not necessary to clear the summary judgment hurdle because plaintiffs may argue to the jury that Monsanto representatives tacitly encouraged illegal spraying. On the other hand, the jury will undoubtedly hear formidable evidence to the contrary.

### III. Conclusion

In sum, all roads in Monsanto's causation arguments lead back to foreseeability. Plaintiffs' claims for damage in 2015 and 2016 are enough to overcome the summary judgment motion, and Monsanto's motion for partial summary judgment is denied. Plaintiffs' "Motion to Deny Monsanto's Motion for Partial Summary Judgment as Premature or, in the Alternative, for an Extension of Time to Respond" is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Monsanto's motion for partial summary judgment (#105) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiffs' "Motion to Deny Monsanto's Motion for Partial Summary Judgment as Premature or, in the Alternative, for an Extension of Time to Respond" (#113) is **DENIED AS MOOT**.

So ordered this   8th   day of May 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE