**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: DICAMBA HERBICIDES LITIGATION** | ) ) | **MDL No. 2820** **ALL CASES** |

**AMENDED CROP DAMAGE CASE MANAGEMENT ORDER**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri, the Initial Scheduling Conferences held on March 28, 2018, and April 18, 2018, and the Court's May 8, 2018, Order Allowing Consolidated Master Complaint,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this multidistrict litigation (except as to any antitrust claims and *Bader Farms, Inc. v. Monsanto Co.*, Case No. 1:16-cv-00289, which will be governed by separate case management orders), and will be modified only upon a showing of good cause:

## I. SCHEDULING PLAN

### A. Pleadings and Motions

1) Court-appointed Plaintiffs' Leadership Counsel shall file one or more Master Complaints by **August 1, 2018**. Only plaintiffs who originally filed in an appropriate district (*i.e.*, in the district in which they farm or the home district of the defendant against whom they are pursuing claims) in which they farm will be permitted to be named plaintiffs in the Master Complaints. Any current plaintiff in the MDL who is not named in a Master Complaint shall be provided an opportunity to dismiss without prejudice or conform their operative pleading to a Master Complaint by filing a Notice of Dismissal or Notice to Conform by August 31, 2018. Any plaintiff whose case is transferred into this MDL after the deadline shall file any such notice by the established deadline or within thirty (30) days of transfer into the MDL, whichever is later.

2) Defendants shall answer or file Rule 12(b) motions within thirty (30) days after each Master Complaint has been filed.

3) Oppositions to any Rule 12(b) motion shall be due thirty (30) days after any such motions are filed; replies shall be due fifteen (15) days after the date the opposition is filed.

4) Motions in General: Local Rule 7-4.01 shall govern motion practice for all motions absent a Court order to the contrary regarding any specific motion. Memoranda in support of Rule 12(b) motions directed to the Master Complaint, and oppositions to such motions, may be thirty-six (36) pages in length, and a Party may seek leave should it reasonably believe additional pages are required. Reply briefs in further support of such Rule 12(b) motions may be fifteen (15) pages in length, and a Party may seek leave should it reasonably believe additional pages are required.

5) Joinder of Parties. Except for good cause shown, motions to join additional parties must be filed no later than **December 7, 2018**.

**B. Disclosures and Discovery**

1) Initial Disclosures

a) Plaintiffs: In lieu of initial disclosures, all plaintiffs who have filed a case that is pending in this proceeding shall provide completed long-form plaintiff fact sheets ("PFS").

b) Per the parties' stipulation regarding production of Crop Damage PFSs, plaintiffs will produce completed PFSs as follows:

i) All plaintiffs asserting Crop Damage Claims who are named in an initial master complaint shall produce a completed PFS by the August 1, 2018, deadline established by the Court in its Order of June 1, 2018. If any plaintiff is added to an amended master complaint filed after August 1, 2018, such plaintiff shall produce a completed PFS within 45 days of the transfer of his or her original claim into the MDL.

ii) All other plaintiffs not named in a master complaint (a "Non-Master Plaintiff") who have already filed a case asserting Crop Damage Claims (or who files such claims in the future), including any plaintiff who voluntarily dismisses his or her actions, shall produce a completed PFS by October 1, 2018, or no later than 45 days after their claims are transferred into the MDL, whichever is later.

iii) Completed PFSs for Non-Master Plaintiffs will be produced regularly on a rolling basis, consistent with the table (#91 at 2) in the parties' joint stipulation.

c) Documents requested in the PFS must be served by same date on which PFSs are due. Documents shall be bates-labeled and uploaded via the Brown Greer/MDL Centrality website. If any plaintiff fails to provide a fully completed PFS by the required date, and that failure is not cured within twenty-one (21) days of receipt of a Notice of Deficiency as set forth below, that failure may be brought to the Court's attention by a motion filed Defendants and may result in sanctions up to and including dismissal of the plaintiff's claims with prejudice.

d) Plaintiff's verification shall accompany each completed PFS and shall be in the form prescribed by 28 U.S.C. §1746.

e) If the defendants reasonably believe that the production is materially incomplete, they shall provide to plaintiffs twenty-one (21) days of such certification a Notice of Deficiency setting forth in detail the information or documents that they believe is required by the PFS and that has not been produced. Within twenty-one (21) days after receipt of any such Notice of Deficiency, the plaintiff shall produce the additional information or documents in plaintiff's possession that are listed in the Notice of Deficiency and are required by the PFS. Defendants may take the deposition of any plaintiff named in a Master Complaint after the plaintiff has produced its PFS and related documents and the Notice of Deficiency period has expired and no deficiencies have been raised or, if deficiencies are raised, after the period for curing any such deficiencies have expired. The parties shall work together in scheduling plaintiff depositions to avoid imposing hardships on any plaintiff due to the harvest season. Unless the parties otherwise agree, a plaintiff's deposition shall be taken no more than sixty (60) miles from plaintiff's residence. Defendants shall not seek discovery from plaintiffs not named in a Master Complaint or from other absent putative class members until expressly authorized by this Court.

f) Defendants: All defendants shall serve their initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than **thirty (30) days after the filing of the Master Complaint to which the initial disclosures pertain**.

2) Discovery

a) Discovery shall not be bifurcated; the parties may pursue class and merits discovery at the same time.

b) All documents and other discovery produced in *Bader Farms* shall also be produced to court-appointed leadership attorneys for the plaintiffs. In addition, Monsanto shall produce on or before **August 1, 2018**, all versions of its technology/stewardship agreements with purchasers of dicamba-resistant seeds, specifying the dates each version was or is effective. Each defendant shall produce on or before **August 1, 2018**, all documents and information submitted to federal or state regulatory authorities regarding dicamba-resistant seed and/or dicamba herbicide within the last six years.

c) Plaintiffs may serve written discovery on defendants beginning **August 1, 2018**. Plaintiffs may serve up to forty (40) interrogatories and forty (40) requests for admission upon defendants named in the Master Complaints. The PFSs will serve as the Defendants' initial interrogatories and requests for production. Each Defendant is allowed to serve up to ten (10) additional interrogatories (including all subparts) and ten (10) additional requests for admission on any plaintiff named in a Master Complaint. Plaintiffs may propound up to twenty-five (25) requests for production, in any sequence they deem appropriate, to defendants in any of the Master Complaints. Defendants shall produce documents and privilege logs on a rolling basis, rather than waiting until all responsive documents have been gathered. Within thirty (30) days after receipt of a request for production of documents, defendants shall state their best estimate of when each category of requested documents will be produced. No plaintiff shall otherwise be allowed to serve any requests for production of documents and things on any defendant absent leave of court and for good cause shown. The PFSs will serve as the Defendants' initial requests for production. Each Defendant is allowed to serve up to ten (10) additional requests for production of documents and things on any plaintiff named in a Master Complaint. The limits in this paragraph shall apply absent a showing of good cause by a Party.

d) Plaintiffs may commence deposition discovery beginning on **August 1, 2018**. At this time, the Court will not impose limits on the number of depositions the parties may take, but if requested to do so, will consider doing so at a later time. Depositions noticed in the master actions are automatically noticed in any remaining individual actions and may be cross-noticed in any related state court action. Plaintiffs' court-appointed leadership will coordinate and take the lead on depositions of defendants and third-party witnesses noticed by plaintiffs. Plaintiffs and defendants shall work cooperatively to prioritize production of documents relevant to scheduled deponents such that the documents are produced in sufficient time before the deposition to allow adequate preparation time. To the extent documents relevant and important to a particular deponent's deposition are produced after the deposition, the deposing party shall be entitled to reopen the deposition to inquire about any such documents. Depositions shall be organized by Liaison Counsel. Unless otherwise agreed to by the parties or ordered by the Court, the duration of all depositions is limited to 7 hours. Depositions should be noticed pursuant to Rule 30, Fed. R. Civ. P., at least twenty-one

(21) days in advance of the proposed deposition date, unless a shorter notice period is agreed to by Liaison Counsel for the parties. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places.

Liaison Counsel shall agree to a system of deposition exhibit numbering governing all depositions, prior to commencement of the first deposition. The system will govern all party, expert witness, and non-party depositions.

For any depositions conducted pursuant to Rule 30(b)(6), counsel for the noticing party shall serve counsel for opposing party with a set of proposed Areas of Inquiry and shall thereafter meet and confer about any objections to the Areas of Inquiry, the identity of the corporate representative(s) who will testify, and the schedule on which counsel may take the corresponding depositions.

Absent agreement of Liaison Counsel for plaintiffs and defendants, or leave of Court, no witness should be deposed more than once in these crop damage proceedings; however, persons designated as 30(b)(6) representatives may be separately deposed as individual fact witnesses provided the 30(b)(6) deposition has not already covered the witnesses' personal factual knowledge except as necessary to provide background for the 30(b)(6) topic. Supplemental 30(b)(6) depositions will be permitted only upon motion demonstrating (a) a compelling need for the information sought, (b) compelling reasons why the desired lines of questioning could not have been pursued in the original deposition, and (c) why the information cannot be obtained from any persons available for future depositions. If permitted, a supplemental 30(b)(6) deposition shall be treated as the resumption of the deposition originally noticed. Examination in any supplemental deposition shall not be repetitive of any prior interrogation and will not exceed two (2) hours, unless the Court determines that more or less time should be allowed. Corporate representative witnesses shall be deposed where their principal office is located, unless otherwise agreed by the Parties.

With respect to the form of question or responsiveness of the answers, as soon as any one attorney representing a party to this litigation states the objection, all parties shall be deemed to have preserved all possible objections to the form of the question, foundation, or the responsiveness of the answer. Counsel for other parties need not repeat the objection in order to preserve it.

e) Defendants shall be allowed to inspect the farm land disclosed in the PFS of each plaintiff if such an inspection of the fields or alleged damage listed in the PFS has not previously been conducted by Defendants. Such inspections shall be allowed within fourteen (14) days of a written request by Defendants. If, after service of the PFS, new and additional alleged crop damage occurs for which any plaintiff intends to seek damages, Lead Counsel for plaintiffs shall promptly notify

Defendants and allow an immediate inspection by Defendants. If defendants are not notified of such alleged damage, said plaintiff may not seek to recover for those alleged damages. At all times, Lead Counsel for plaintiffs and each plaintiff's individual counsel shall be mindful that spoliation of evidence may occur if defendants are not timely notified of alleged crop damages, or are not allowed to make timely inspections of the alleged damage.

f) All discovery shall be completed by **December 31, 2019**.

g) In accordance with Rule 53, Fed. R. Civ. P., the Court appointed a Special Master for Discovery. The Special Master for Discovery shall work with the parties to develop streamlined procedures to ensure prompt and efficient resolution of any discovery disputes.

**C. Class Certification**

1. Briefing. Any motion for class certification relating to any Crop Damage Master Complaints shall be filed by **March 8, 2019**. Defendants shall file any response thereto by **April 8, 2019**, and plaintiffs shall file any replies by **April 26, 2019**. All Parties shall file any *Daubert* challenges to any expert relied upon for class certification no later than **March 8, 2019**. All Parties shall file responses to any *Daubert* challenges to any expert relied upon for class certification no later than **April 8, 2019**. All Parties shall file replies to any *Daubert* challenges to any expert relied upon for class certification no later than **April 26, 2019**.

2. Hearings. The Court will schedule a class certification hearing relating to any Crop Damage Class Claims in the month of **June 2019**.

**D. Expert Disclosures**

1. Plaintiffs shall disclose all class expert witnesses relating to any Crop Damage Class Claims and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **November 16, 2018**, and shall make those experts available for depositions, and have depositions completed, no later than **December 17, 2018**.

2. Defendants shall disclose all class expert witnesses relating to any Crop Damage Class Claims and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **January 18, 2019**, and shall make those experts available for deposition, and have depositions completed, no later than **February 18, 2019**.

3. Plaintiffs shall disclose all expert witnesses on topics other than those related to class certification of any Crop Damage Class Claims and provide reports as required by Rule 26(a)(2), Fed. R. Civ. P., no later than **March 7, 2019**, and shall

make those experts available for deposition, and have depositions completed, no later than **April 8, 2019**.

4. Defendants shall disclose all expert witnesses on topics other than those related to class certification of Crop Damage Class Claims and provide reports as required by Rule 26(a)(2), Fed. R. Civ. P., no later than **May 8, 2019**, and shall make those experts available for deposition, and have depositions completed, no later than **June 10, 2019**.

5. Plaintiffs shall designate any rebuttal expert witnesses and provide reports as required by Rule 26(a)(2), Fed. R. Civ. P., no later than **July 10, 2019** and make those experts available for deposition, and have depositions completed, no later than **July 29, 2019**.

### E. Dispositive and ***Daubert*** Motions

1. Summary judgment and *Daubert* motions are due on **November 11, 2019**; responses are due on **December 11, 2019**; replies are due on **January 10, 2020**.

## II. GENERAL PROVISIONS

### A. Rule 502(d) Order, and Stipulation on the Discovery of Electronically Stored Information

1. Liaison Counsel shall meet and confer on the form of a Rule 502(d) Order, and a Stipulation on the Production of Electronically Stored Information and shall submit joint proposed orders on or before **July 13, 2018**.

2. If there are any disagreements as to any of the above, plaintiffs and defendants shall present their proposals to the Court in a joint memorandum, providing a brief explanation of the disagreements. Plaintiffs and defendants are each allowed up to 10 additional pages in which to explain the reasons for the disagreements and their respective positions.

### B. Status Conferences

1. The Court intends to schedule and hold status conferences approximately every five (5) weeks. Liaison Counsel shall meet and confer in advance of each status conference and submit to the Court a joint agenda and status conference report listing all matters and motions to be considered by the Court at the status conference forty-eight (48) hours prior to each scheduled conference.

**C. <u>Preservation</u>**

1. Any Party's prior objections to any provisions of this Case Management Order are specifically overruled and preserved.

## III. ORDER RELATING TO TRIAL

First trial set to begin in the month of **<u>May, 2020</u>**. The Court will issue a pretrial order at an appropriate time.

**SO ORDERED** this 23rd day of July 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE