UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDY TIMMONS, INC. d/b/a LOST ) <br> DRAW VINEYARDS, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MONSANTO CO., et al., ) <br> ) <br> ) <br> Defendants. ) | MDL No. 1:18md2820 SNLJ <br><br> Case No. 1:21cv104 SNLJ |

## **MEMORANDUM and ORDER**

This matter involves 57 vineyard owners and four related entities that claim their wine grape crops were damaged in the High Plains region of Texas by the dicamba-tolerant cotton seed system sold by the defendants Bayer Crop Science LP, Monsanto Company, and BASF Corporation. Plaintiffs filed their lawsuit in state court in Jefferson County, Texas. Jefferson County is home to BASF's nationwide dicamba manufacturing facility, where it makes dicamba herbicide. Defendant BASF removed the case to federal court in the Eastern District of Texas citing the federal court's diversity jurisdiction. With the agreement of the parties, the case was transferred to the Multidistrict Litigation pending here in this Court, *In re: Dicamba Herbicides Litigation*. Plaintiffs have filed a motion to remand [Doc. 13], pointing out that subject matter jurisdiction is lacking because complete diversity does not exist. Indeed, one of the 57 High Plains Texas vineyards—Hilltop Winery at Paka Vineyards, LLC—is a citizen of New York and New Jersey. Defendant BASF is also a citizen of New Jersey. Defendant BASF contends this does not destroy the

1

Court's subject matter jurisdiction because plaintiff Hilltop Winery was "improperly joined" and thus defendant has filed a Motion to Sever. [Doc. 2.]

District courts "have original jurisdiction of all civil actions when a matter in controversy ... is between (1) citizens of different states." 28 U.S.C.  § 1332(a).  The party seeking the federal forum has both the burden of pleading diversity of citizenship of the parties, *Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir.1997), and the burden of establishing diversity jurisdiction by a preponderance of the evidence. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir.1992); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir.1990); *Russell v. New Amsterdam Cas. Co.*, 325 F.2d 996, 997 (8th Cir.1964). The Court is mindful that removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). The Court must resolve "all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir.1997). Where there are multiple plaintiffs and defendants, "a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants." *Iowa Pub. Serv. Co. v. Med. Bow Coal, Co.*, 556 F.2d 400, 403–404 (8th Cir. 1977).  But "if the 'nondiverse' plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction." *Id.*

Defendant BASF urges this Court to adopt the "fraudulent misjoinder" doctrine set forth in  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), and to use its authority under Federal Rule of Civil Procedure 21 to sever Hilltop Winery's claims

2

to find that this Court has jurisdiction. Fraudulent misjoinder is a concept distinct from fraudulent joinder.  Fraudulent joinder occurs where a plaintiff files a frivolous claim against a non-diverse defendant solely to prevent removal. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).  Fraudulent *misjoinder* focuses on whether a plaintiff has joined a viable—but wholly unrelated—claim to try to destroy diversity.  In *Tapscott*, the plaintiffs were comprised of two distinct groups with two distinct claims against unrelated defendants—one group of plaintiffs brought claims arising from the sale of service contracts on automobiles, and the other group brought claims arising from the sale of service contracts on retail products.  The court held there was misjoinder under Federal Rule of Civil Procedure 20 because there was "no real connection" between the two sets of alleged transactions. *Tapscott*, 77 F.3d at 1360.  The Eleventh Circuit held that the plaintiffs' misjoinder of the claims constituted an "attempt to join these parties" that was "so egregious as to constitute fraudulent joinder."  *Id.*

      The Eighth Circuit has not directly addressed *Tapscott*'s misjoinder doctrine.  Even if *Tapscott* were the law in the Eighth Circuit, however, it is not applicable here.  This is not a case in which wholly unrelated claims with "no real connection" have been joined as they were in *Tapscott*.  Defendant BASF states that "Hilltop Winery's claims should be disregarded because joinder of them is improper," [Doc. 1 at 17], because BASF says that individual issues will predominate the plaintiffs' claims and because non-individual issues can be handled more efficiently through the MDL.  [*Id.* at 16.]  That hardly makes Hilltop Winery's joinder improper.  Rule 20 permits plaintiffs to join in one action if "they assert any right to relief…with respect to or arising out of the same transaction, occurrence, or

3

series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A) and (B). BASF contends that the plaintiffs cannot show that the same "transaction or occurrence" (i.e., the same application of dicamba) resulted in alleged damage to vineyards. Multiple applications of dicamba would have been involved.

However, "in construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010). The Eighth Circuit noted that "'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974)). Tellingly, the Eighth Circuit declined to find misjoinder in a case in which multiple plaintiffs' claims arose from a series of transactions between drug manufacturers and individuals who used those medications. *Prempro*, 591 F.3d at 623. The *Prempro* plaintiffs argued that their claims were "logically related because they each developed breast cancer as a result of the manufacturers' negligence" in creating and selling the medications. *Id.* The Eighth Circuit found that unlike in *Tapscott* where there was "no real connection" between the two sets of plaintiffs, "here, here may be a palpable connection between the plaintiffs' claims against the manufacturers as they all relate to similar drugs and injuries and the manufacturers' knowledge of the risks" of those drugs. *Id.* The Eighth Circuit also noted that the defendants had presented no evidence that the plaintiffs joined their claims to avoid diversity jurisdiction. *Id.*

4

The same is true here.  Each of the plaintiffs appears to be located in the same general region of northwest Texas, and the sole nondiverse plaintiff is squarely within that cluster of vineyards.  [*See* Doc. 14 at 9.]  Each of the plaintiffs alleges that its vineyards were damaged by dicamba that moved off its cotton target and onto neighboring grape vines.  Plaintiffs allege that because "regional aggregation" of the dicamba is occurring across millions of acres of cotton, the plaintiff vineyards are suffering shared exposures from multiple areas of dicamba application.  The non-diverse plaintiff Hilltop Winery is in the same area and alleges it suffered the same exposures and incurred the same type of damage caused by the same product and the same negligence. This Court finds that plaintiff Hilltop Winery's claims clearly assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences as do the other plaintiffs' claims.  Further, questions of law and fact common to all plaintiffs will arise in the action, as the parties in the soybean-focused dicamba litigation have discovered.  Although individual questions may exist, this Court sees no basis to declare that any "egregious misjoinder" has taken place here.  This would also not be the first dicamba case to be remanded to state court,[1] and it is this Court's understanding that the discovery and other efficiencies gleaned in the MDL have been applied to the extent possible to the state court proceedings.

---

[1] *See, e.g.*, *In re Dicamba Herbicides Litig.*, 1:18-CV-21-SNLJ, 2018 WL 2447792 (E.D. Mo. May 31, 2018) (granting motion to remand in *McIvan Jones Farm, Inc. v. Monsanto Co.*, 1:18-CV-21-SNLJ (E.D. Mo.) and remanding to Mississippi County, Missouri); *King v. Monsanto Co.*, 1-18-MD-02820-SNLJ, 2019 WL 5213036, at *1 (E.D. Mo. Oct. 16, 2019) (remanding to Maury County, Tennessee).

Finally, defendant Monsanto argues that the matter should not be remanded because some plaintiffs have entered into Technology Stewardship Agreements (the "Agreement") with Monsanto that contains an arbitration clause for cotton-related claims arising from the sale or performance of cotton seed.  Thus, Monsanto argues, each individual plaintiff's claim will have to be considered with respect to whether they must arbitrate their claims.  Even if not required to arbitrate, another provision in the Agreement requires the Eastern District of Missouri be the sole jurisdiction and venue for relevant claims and disputes.  Ultimately, Monsanto's arguments regarding the Agreement do not change this Court's analysis with respect to its diversity jurisdiction.  Diversity is simply not present here, and this Court does not have jurisdiction to decide the applicability of the Agreement at all.

This Court declines to find that plaintiff Hilltop Winery was fraudulently joined or misjoined, and thus this Court does not have subject matter jurisdiction over this matter.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to remand [Doc. 13] is GRANTED.

IT IS FURTHER ORDERED that defendant BASF's motion to sever [Doc. 2] is DENIED.

So ordered this 7th day of January, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE